The Memorandum Decision and Order below is hereby
signed.  Dated: October 9, 2008.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

```
                  UNITED STATES BANKRUPTCY COURT
                   FOR THE DISTRICT OF COLUMBIA
In re                   )
                        )
KHADIJA DUMA,           )     Case No. 08-00379
                        )     (Chapter 7)
              Debtor.   )     Not for Publication in
                        )     West's Bankruptcy Reporter
```

MEMORANDUM DECISION AND ORDER
GRANTING DEBTOR'S MOTION FOR RECONSIDERATION AND
VACATING THE "ORDER DENYING MOTION FOR RELIEF FROM AUTOMATIC
<u>STAY CONTINGENT ON DEBTOR SCHEDULING UNSECURED CLAIMS IN CASE"</u>

On September 4, 2008, the court held a hearing on Chase Home Finance LLC's Motion for Relief From Stay as to the debtor's real property located at 1840 Massachusetts Ave. SE, Washington D.C. (Docket Entry ("DE") No. 43, filed August 15, 2008).  Based upon the debtor's representation that she would waive her right to exempt that real property to the extent necessary for the trustee to pay unsecured claims and administrative claims, the court entered an order denying the motion for relief from stay (DE No. 48).

The debtor then filed an amended Schedule C in which she attempts to exempt the real property located at 1840 Massachusetts Ave. SE, Washington, D.C. (DE No. 51, filed September 19, 2008), and she has filed a motion for reconsideration of this court's order denying relief from the automatic stay to the extent that order constitutes a waiver of the debtor's rights (DE No. 52, filed September 19, 2008).  As

this court explained at the hearing, however, if the debtor exempts all of her equity in the real property, there is nothing for the trustee to administer and there is no bankruptcy reason not to lift the automatic stay, as requested by Chase Home Finance.  In any event, the trustee has now reported that he does not intend to attempt to sell the debtor's residence.  There thus is no bankruptcy reason to keep the automatic stay in place even if the debtor were to waive her exemption in the property, and there is no reason why the debtor should be treated as waiving her right to exempt the property.

The court will therefore vacate the order (DE No. 48) whereby the court directed that the debtor waived the exemption to the extent necessary to pay creditors and whereby the court denied the motion for relief from the automatic stay.  By a separate order, the court will grant the pending motion for relief from the automatic stay.

In light of the foregoing, it is

ORDERED that the debtor's Motion for Reconsideration is GRANTED.  It is further

ORDERED that the Order Denying Motion for Relief from Automatic Stay Contingent on Debtor Scheduling Unsecured Claims in Case (DE No. 48, signed on September 4, 2008, and entered on September 5, 2008) is VACATED.

                                        [Signed and dated above.]

2

Copies to: Debtor; Chapter 7 Trustee; Office of United States Trustee; Gregory N. Britto, Esq.